UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHASE LOCKETT-NESBITT, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-3063 |
| SKIP CLAYTON and BRADY KNOX, | ) | |
|    Defendants | ) | |

ORDER

JAMES E. SHADID, U.S. District Judge:

The Plaintiff, a *pro se* prisoner, has filed a complaint against his landlord and a real estate company. [1]. Plaintiff also applied to proceed *in forma pauperis* (IFP) which was granted pursuant to 28 U.S.C. §1915(b)(1). *See* May 4, 2022 Text Order. The Court notes "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines" that the action "fails to state a claim on which relief may be granted." 28 U.S.C. §1915 (e)(2)(B)(ii).

Plaintiff's complaint alleges his landlord, Defendant Clayton, trespassed by entering Plaintiff's apartment on an unspecified date in November of 2021 without any advance notice and when no one else was there. Plaintiff further claims his landlord committed the offense of theft when he took Plaintiff's keyboard piano, carrying case, audio cords, and surveillance camera.

Plaintiff next claims Defendant Clayton entered his apartment on an unspecified day in January of 2022 and stole a variety of items include a cell phone, speaker, an x-box, chips, and salsa.

In early March of 2022, Plaintiff says Defendant Clayton called a towing company to remove Plaintiff's vehicle from the apartment parking lot. Plaintiff claims his vehicle was properly parked.

Defendant Clayton then moved construction supplies into Plaintiff's apartment on March 4, 2022 and began using the residence as a storage unit. Finally, on April 12, 2022, Defendant Clayton entered Plaintiff's apartment and took parts from a stove.

Plaintiff claims his rent was paid, but he does not allege her personally made the payment. Instead, Plaintiff alleges the Defendant received a payment from the "Covid-19 rental assistance program." (Comp, p. 7).

Plaintiff alleges "trespass, wrongful behavior, unfair and deceptive practices, willful misconduct, consumer fraud, theft, immediate breach, pecuniary loss, creating a hazard, misuse of space, harm to tenant, prejudice." (Comp., p. 6). Plaintiff is requesting damages and prosecution for theft and trespass.

There are several problems with Plaintiff's complaint. Plaintiff does not mention Grady Knox "Real Estate Company" in the body of his complaint, and he has therefore failed to articulate any claim against this Defendant. (Comp, p. 2). *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003)(merely naming defendants in the caption of a complaint does not state a claim against them).

If Plaintiff wishes to "prosecute" Defendant Landlord Clayton for criminal trespass, theft, or any other crime he must file a police report or contact the appropriate states' attorneys' office to pursue criminal charges. (Comp., p. 8); *see i.e. Donley v. Hart*, 2020 WL 6704571, at *1 (C.D.Ill. Nov. 13, 2020)("the Court cannot order the filing of

2

criminal charges…Criminal prosecutions are the function of state and federal prosecutorial authorities.").

In addition, if Plaintiff intends to pursue an action for damages based on taking his property or wrongful eviction, he must file a complaint in state court. Instead, Plaintiff filed his complaint in Federal Court and has failed to allege a violation of his constitutional rights or any federal law. The Court will not transfer Plaintiff's complaint to state court as it is unclear what specific civil claim Plaintiff intended to allege.

IT IS THEREFORE ORDERED:

1) This case is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. §1915 (e)(2)(B)(ii).

2) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 22nd day of September, 2022.

                          s/James E. Shadid
                          _____
                              JAMES E. SHADID
                          UNITED STATES DISTRICT JUDGE